ANTHONY J. OLIVA (BAR NO. 123971)
NANCY S. FONG (BAR NO. 217552)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: toliva@allenmatkins.com
        nfong@allenmatkins.com

Attorneys for Defendants
PRINCIPAL FINANCIAL GROUP, PRINCIPAL
LIFE INSURANCE COMPANY and PRINCOR
FINANCIAL SERVICES CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY YINGLING,<br><br>        Plaintiff,<br><br>    vs.<br><br>PRINCIPAL FINANCIAL GROUP, a Delaware corporation, PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, PRINCOR FINANCIAL SERVICES CORPORATION, an Iowa corporation, CHRISTOPHER M. MURRAY, LANCE E. HENNESSAY, LISA CRIST, and DOES 1 through CC, inclusive,<br><br>        Defendants. | Case No. 1:11-CV-303 LJO (GSA)<br><br>DEFENDANTS' EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND<br><br>Date:  April 22, 2011<br>Time:  9:30 a.m.<br>Dept:  10 (GSA)<br>Judge: Bradley Austin |

Defendants Principal Financial Group, Principal Life Insurance Company and Princor Financial Services Corporation ("Principal Defendants") hereby object to the following evidence presented by Plaintiff Randy Yingling ("Plaintiff") in support of Plaintiff's Motion for Remand: (1) Declaration of Randy Yingling.

## I. DECLARATION OF RANDY YINGLING

### A. Paragraph 5, page 2, lines 5-1:

"The complaint in this matter is not and has never been related to any benefit I may have or receive from any retirement or other funded benefit plan provided for me by my former employer SK Foods, LP, but is related exclusively to the presentation of a non-funded, excess benefit, deferred compensation plan under 409A of the Internal Revenue Code. No aspect of any plan that is the subject matter of my complaint relates to any plan that is other than a non-funded, excess benefit, deferred compensation plan."

**Objections:** (1) Improper Opinion Testimony (FRE 602, 702, 704); (2) Argumentative (FRE 611(a)); (3) Speculative (FRE 602, 701); (4) Vague and ambiguous (FRE 611(a)); (5) Irrelevant (FRE 402); (6) Lacks Foundation (FRE 104); (7) Assumes Facts Not in Evidence (FRE 602, 611(a)); (8) Calls for Expert Testimony (FRE 602, 701, 702); and (9) Calls for a legal conclusion (FRE 704).

### B. Paragraph 6, page 2, lines 18-23:

"At no time did I respond in any discovery response that I believed or was led to believe that Principal Financial Group, Principal Life Insurance Company, and Princor Financial Services were attempting to present me with a funded retirement or other benefit plan that would be subject to any protection by the Employment Retirement Income Security Act (29 U.S.C. § 1001, *et seq.*).

**Objections:** (1) Improper Opinion Testimony (FRE 602, 702, 704); (2) Argumentative (FRE 611(a)); (3) Speculative (FRE 602, 701); (4) Vague and ambiguous (FRE 611(a)); (5) Irrelevant (FRE 402); (6) Lacks Foundation (FRE 104); (7) Assumes Facts Not in Evidence (FRE 602, 611(a)); (8) Calls for Expert Testimony (FRE 602, 701, 702); and (9) Calls for a legal conclusion (FRE 704).

### C. Paragraph 8, page 3, lines 4-7:

"I am aware of no response I gave in any discovery in the matter that is the subject of defendants' removal action that in any way or manner identified any other plan, benefit,

or compensation program that is related in any way to the allegations set forth in my complaint."

**Objections:** (1) Improper Opinion Testimony (FRE 602, 702, 704); (2) Argumentative (FRE 611(a)); (3) Speculative (FRE 602, 701); (4) Vague and ambiguous (FRE 611(a)); (5) Irrelevant (FRE 402); (6) Lacks Foundation (FRE 104); (7) Assumes Facts Not in Evidence (FRE 602, 611(a)); (8) Calls for Expert Testimony (FRE 602, 701, 702); and (9) Calls for a legal conclusion (FRE 704).

### D. Paragraph 9, page 3, lines 8-14:

The removing defendants had done no discovery of any kind prior to December, 2010 in this matter, despite being aware of the March 14, 2011 trial date. Among other things, the removing defendants had been to a settlement conference and a mediation in this matter during which time defendant continued to suggest that they would remove this case if it did not settle and despite discussions, in my general presence, between my attorney and attorneys for these removing defendants that any removal would be untimely."

**Objections:** (1) Improper Opinion Testimony (FRE 602, 702, 704); (2) Argumentative (FRE 611(a)); (3) Speculative (FRE 602, 701); (4) Vague and ambiguous (FRE 611(a)); (5) Irrelevant (FRE 402); (6) Lacks Foundation (FRE 104); (7) Assumes Facts Not in Evidence (FRE 602, 611(a)); (8) Calls for Expert Testimony (FRE 602, 701, 702); (9) Calls for a legal conclusion (FRE 704); and (10) Hearsay (FRE 802).

Defendants further object to Plaintiff's disclosure of statements made at confidential mediation sessions. (FRE 408, 501); *See also,* Cassell v. Superior Court, 51 Cal.4th 113 (2011) (holding that the mediation confidentiality is so broad that it prohibits disclosure of all statements at mediation, including those between an attorney and his own client, due to public policy reasons).

### E. Paragraph 10, page 3, lines 15-18:

"I am informed and believe that my attorney expressly warned counsel for these moving defendants that removal to avoid an imminent trial date would be considered a

1 frivolous and delaying tactic given that such a removal would be utterly without any
2 merit."

3 **Objections:** (1) Improper Opinion Testimony (FRE 602, 702, 704); (2) Argumentative
4 (FRE 611(a)); (3) Speculative (FRE 602, 701); (4) Vague and ambiguous (FRE 611(a));
5 (5) Irrelevant (FRE 402); (6) Lacks Foundation (FRE 104); (7) Assumes Facts Not in
6 Evidence (FRE 602, 611(a)); (8) Calls for Expert Testimony (FRE 602, 701, 702); (9)
7 Calls for a legal conclusion (FRE 704); and (10) Hearsay (FRE 802).

8 Defendants further object to Plaintiff's disclosure of statements made at confidential
9 mediation sessions. (FRE 408, 501); *See also,* Cassell v. Superior Court, 51 Cal.4th 113
10 (2011) (holding that the mediation confidentiality is so broad that it prohibits disclosure of
11 all statements at mediation, including those between an attorney and his own client, due to
12 public policy reasons).

13 Dated: April 8, 2011

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
ANTHONY J. OLIVA
NANCY S. FONG

By: /s/ Nancy S. Fong
NANCY S. FONG
Attorneys for Defendants
PRINCIPAL FINANCIAL GROUP,
PRINCIPAL LIFE INSURANCE
COMPANY and PRINCOR
FINANCIAL SERVICES
CORPORATION

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On April 8, 2011, I served the within document(s) described as:

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

on the interested parties in this action as stated below:

| | |
|---|---|
| William A. Romaine, Esq.<br>Law Office of William A. Romaine<br>206 West Lacey Blvd., Suite 309<br>Hanford, CA 93230-4487<br>T: 559.635.3040 – F: 800.584.4522<br>E: war@lawromaine.com | Gregory P. Arakawa, Esq.<br>Wood Smith Henning & Berman LLP<br>1401 Willow Pass Road, Suite 700<br>Concord, CA 94520-7982<br>T: 925.356.8200 – F: 925.356.8250<br>E: garakawa@wshblaw.com |

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Los Angeles, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is lstone@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 8, 2011, at Los Angeles, California.

| Louise Clarke Stone | /s/ Louise Clarke Stone |
|---|---|
| (Type or print name) | (Signature of Declarant) |

880350.01/LA