# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY YINGLING, | 1:11-cv-00303 LJO GSA |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** |
| v. | |
| PRINCIPAL FINANCIAL GROUP, a Delaware corporation, PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, PRINCOR FINANCIAL SERVICES CORPORATION, an Iowa corporation, CHRISTOPHER M. MURRAY, LANCE E. HENNESAY, LISA CRIST, and DOES 1 through CC inclusive, | (Document 6) |
| Defendants. | |

**PROCEDURAL BACKGROUND**

On March 18, 2010, Plaintiff Randy Yingling filed a complaint in the Kings County Superior Court. Plaintiff asserted claims of fraud and deceit, negligent misrepresentation and civil conspiracy. (Doc. 1, Ex. A.)

//

//

1

On May 7, 2010, Defendants Principal Financial Group, Principal Life Insurance Company, and Princor Financial Services Corporation (hereafter the "Principal Defendants") filed an answer to Plaintiff's complaint. (Doc. 1-1 at 66-70.)[1]

On February 18, 2011, the Principal Defendants removed this action from the Kings County Superior Court. On March 18, 2011, Plaintiff filed the instant motion, seeking remand to the state court. (Doc. 6.) On April 8, 2011, the Principal Defendants filed an opposition to Plaintiff's motion. (Doc. 32.) On April 15, 2011, Plaintiff filed a reply. (Doc. 37.)[2]

**FACTUAL SUMMARY**

While employed with SK Foods, LP, Plaintiff participated in its Executive Non Qualified Excess Plan ("ENQEP" or "Plan") administered by and through the Principal Defendants. When Plaintiff's employment with SK Foods was terminated in September 2007, he thereafter sought compensation pursuant to the ENQEP, as termination of employment is a qualifying event triggering disbursement of funds.

Plaintiff alleges that while he has received a portion of the ENQEP funds, the Principal Defendants delayed said payments and remain obligated to Plaintiff for additional payments pursuant to the ENQEP.

**LEGAL STANDARD**

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ." Removal is proper when a case originally filed in state court presents a federal question or

---

[1] On July 10, 2010, Defendant Lance E. Hennesay filed an answer to Plaintiff's complaint. (Doc. 1-1 at 74-80.) In the removal pleadings, the Principal Defendants note that "[c]ounsel for Hennesay has confirmed that Plaintiff has settled all claims with Hennesay." (Doc. 1 at 2.) Additionally, it appears that the remaining named Defendants - Christopher M. Murray and Lisa Crist - have never been served with Plaintiff's complaint. (Doc. 1 at 2.)

[2] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits. Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). When reviewing a motion to remand, a district court must analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

**DISCUSSION**

Here, Plaintiff seeks to remand the matter to state court on two bases: (1) Defendants' notice of removal is untimely; and (2) this Court lacks subject matter jurisdiction because ERISA expressly exempts unfunded excess benefit plans such as this one. (Doc. 6.) The Principal

3

Defendants oppose the motion, contending removal is in fact timely, and that the plan at issue here is not exempt from ERISA provisions. (Doc. 32.)

Assuming without expressly deciding whether or not ERISA is implicated here, the Court turns to the issue of timeliness as it is determinative.

***The Removability Period***

As noted, Plaintiff asserts that the Principal Defendants did not timely remove this matter, thus asserting a procedural defect. More particularly, Plaintiff claims that the Principal Defendants' assertion that they learned only of the possible ERISA implications following written discovery responses in February of this year is "patently false." (Doc. 6.) The Principal Defendants contend that removal is timely because by virtue of his discovery responses in February 2011, Plaintiff "recharacterized" his claims as implicating the Plan itself, and thus, Defendants acted timely when days after receipt of the referenced discovery, they filed a notice of removal with this Court. (Doc. 32.) In his reply to the opposition, Plaintiff claims that even if ERISA controls, Defendants untimely removed the action to this Court because he "very clearly identified his charges against" the Principal Defendants at his deposition of January 4, 2011, or, forty-four days prior to the removal notice. (Doc. 37.)

Determination of this issue turns on whether or not the Principal Defendants first learned of this action's removability on January 4, 2011, the date of Plaintiff's deposition, thus making removal untimely, or whether Defendants acquired this knowledge through written discovery responses received February 16, 2011, thus making removal to this Court timely.

The time limitations for filing a petition for removal are set forth in 28 U.S.C. section 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through

4

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Because the Court is not concerned with the initial pleading, the second paragraph is relevant here. As explained by the Ninth Circuit, pursuant to section 1446(b), there are "two thirty-day windows during which a case may be removed-during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)); *see also Rossetto v. Oaktree Capital Management, LLC*, 664 F.Supp.2d 1122, 1128 (D. Haw. 2009).

In *Harris*, the court held that the first thirty-day window begins to "'run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the jurisdictional facts necessary for federal court jurisdiction." *Id*. at 691 (quoting *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992)); *see also id.* at 694 ("removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"). The second thirty-day window "applies when 'the case stated by the initial pleading is not removable.'" *Id.* at 694.

A deposition constitutes an "other paper" within the meaning of section 1446(b). *See Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (N.D. Cal. 1988) (deposition disclosed plaintiff's union status); *Rao v. Tyson Foods, Inc.*, 2009 WL 1657458 (E.D. Cal. Jun. 12, 2009) (offer letter made exhibit to deposition sufficient to put defendant on notice re removability); *but see Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971 (9th Cir. 1993) (speculative, unclear deposition testimony may not permit removal). *See also Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997) (other documents may include answers to interrogatories, requests for admissions or deposition testimony); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494

(5th Cir. 1996) (unfiled deposition transcript started removal timetable); *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999) (plaintiff's deposition testimony triggered removal period); *Effinger v. Philip Morris, Inc.*, 984 F.Supp. 1043, 1047-48 (W.D. Ky. 1997); *Haber v. Chrysler Corp.*, 958 F.Supp. 321, 326 (E.D. Mich. 1997); *Smith v. International Harvester*, 621 F.Supp. 1005, 1008 (D. Nev. 1985); *Brooks v. Solomon Co.*, 542 F.Supp. 1229, 1230 (N.D. Ala. 1982) (during plaintiff's deposition it became apparent that the allegedly defamatory statements were uttered in a grievance proceeding pursuant to a collective bargaining agreement).

Here, the Principal Defendants' notice of removal of February 18, 2011, was *not timely*. Both parties agree that Plaintiff's deposition commenced January 4, 2011. (*See* Doc. 32 at 3, Doc. 32-2 at 2, ¶ 5 & Doc. 37 at 4.) Plaintiff points out that he responded to questions by counsel for another named Defendant[3] and referenced the Principal Defendants' responsibility for "maintaining and monitoring" his account, and expressly referenced quarterly statements he received from the Principal Defendants regarding investments to be made with "Fidelity." (Doc. 37 at 4.) The Principal Defendants assert Plaintiff's written responses, rather than his deposition, put them on notice of removability. (Doc. 32.)

The Court has reviewed the entire transcript prepared following Plaintiff's deposition of January 4, 2011.[4] While perhaps not stated as plainly as the written response provided following the Principal Defendants' discovery requests, it is clear from Plaintiff's testimony that, as he asserts, his testimony "exposed the fact that his claim was based in substantial part upon" (Doc. 37 at 3) actions related to the Plan itself.

---

[3] The transcript reveals that during Plaintiff's deposition he was represented by William A. Romaine, Esq., Defendant Hennesay was represented by Charles Leath, Esq., and the Principal Defendants were represented by Nancy S. Fong, Esq.

[4] In accordance with Magistrate Judge Gary S. Austin's minute order of April 20, 2011, Plaintiff's counsel provided the court with a complete copy of the deposition transcript.

Therefore, because removal was not effected prior to February 3, 2011, or within thirty days of Plaintiff's deposition, the Principal Defendants' removal notice is untimely. Thus, they have waived their right to remove this action. *See Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249, 1254 (9th Cir. 1989).

***Attorneys Fees***

Plaintiff seeks an award of his attorneys fees and costs related to the removal of this action from the Kings County Superior Court. (Doc. 6 at 10-11 & Doc. 37 at 5.) Defendants oppose such an award. (Doc. 32 at 21.)

An award of costs and fees is authorized only where remand occurs for "a defect in removal procedure" or for a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 708-09 (2005). The award of attorney fees is not automatic where plaintiff has prevailed; it is discretionary. *Id.*, at 136. The key factor regarding such an award is the propriety of the removal, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.*, at 136; *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, an award of fees and costs is not warranted. While the Court has in fact decided against the Principal Defendants on the issue of removal, it cannot be said their basis for seeking to remove this action from the state court is objectively unreasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. at 136.

//
//
//
//
//

7

## CONCLUSION

The Principal Defendants have not met their burden of establishing removal jurisdiction. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d at 566; *see also* 28 U.S.C. § 1447(c). Plaintiff's January 4, 2011, deposition was an "other paper" from which it could be ascertained the case had become removable. 28 U.S.C. § 1446(b). Because the removal notice was filed after the applicable thirty-day window, it is untimely.

Accordingly, Plaintiff's motion to remand is GRANTED and this action is REMANDED to the Superior Court of the State of California for the County of Kings. Plaintiff's requests for attorney fees and costs are DENIED.

IT IS SO ORDERED.

**Dated:   May 2, 2011**                         /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE